GARY Y. LEUNG (Cal. Bar No. 302928)
Email:  LeungG@sec.gov
PATRICIA PEI (Cal. Bar No. 274957)
Email:  PeiP@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Applicant,<br><br>      vs.<br><br>IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>            Respondent. | Case No.<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** |

## I. INTRODUCTION

1. The Securities and Exchange Commission ("SEC") respectfully applies to this Court for an Order to Show Cause why an order should not issue requiring Respondent Ignite International Brands, Ltd. ("Ignite") to comply with an investigative subpoena dated May 20, 2022 and served on Ignite that same day, and for an Order Compelling Compliance with the SEC's May 20 subpoena.

2. The SEC's application is being made pursuant to Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c), entitled "Judicial enforcement of investigative power of Commission; refusal to obey subpoena; criminal sanctions," which provide that:

> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on … And such court may issue an order requiring such person to appear before the Commission or member or officer designated by the Commission, there to produce records … ; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

15 U.S.C. §§ 77v(b) and 78u(c).

3. This Application is based on the accompanying Declaration of Patricia Pei, the Memorandum of Points and Authorities, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act, 15 U.S.C. §77v(b), and Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c).

5. Venue is proper in the Central District of California because the SEC's investigation is being conducted by the SEC's Los Angeles Regional Office, which is

1

located within this Court's judicial district. *See* 15 U.S.C. § 78u(c).

## III. RESPONDENT

6. Ignite is a publicly-traded company that is based in Ontario, Canada. Ignite's stock is listed on the Canadian Securities Exchange under the ticker "BILZ" and quoted on OTC Link (formerly "Pink Sheets") operated by OTC Markets Group Inc. under the ticker "BILZF."

## IV. THE SEC'S INVESTIGATION

7. On March 14, 2022, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of Ignite International Brands, Ltd.* (SEC File No. LA-05275) ("Formal Order").

8. Among other things, the Formal Order empowers the SEC staff to investigate whether Respondent has violated the antifraud provisions of the federal securities laws. Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order also authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

9. SEC staff has uncovered information that indicates that Respondent may have filed public financial statements that include false or misleading representations regarding revenues earned and recognized in the company's fiscal year ending December 31, 2020.

## V. THE INVESTIGATIVE SUBPOENAS ISSUED BY THE SEC

10. On May 20, 2022, SEC staff issued a subpoena to Respondent that required it to produce documents by June 15, 2022. Among the documents subpoenaed are those relating to: Respondent's accounting policies, procedures, and practices on revenue recognition, principal and agent issues, consignment arrangements, sales with a right of return, bill and hold arrangements, repurchase agreements, sales returns and allowances, and sales cutoff procedures; Respondent's

internal financial reporting; Respondent's internal audit work papers and any revenue recognition reviews; communications between Respondent and its external auditor on revenue recognition; Respondent's sales forecasts and budgeting; Respondent's general ledgers and journal entries on wholesale sales transactions; and Respondent's underlying sales orders, purchase orders, invoices, shipping, change orders, return and credit, and payment documentation.

11. On May 20, 2022, the SEC staff served the May 20, 2022 subpoena on Respondent by email, with Respondent's general counsel having confirmed on May 20, 2022 in writing that he would accept service of the subpoena via email on Respondent's behalf.

## VI. **RESPONDENT HAS FAILED TO COMPLY WITH THE SUBPOENA**

12. Respondent has failed to comply with the subpoena. It has made a partial production of just 173 documents, consisting in the main of certain third-party agreements, board minutes, and corporate organizational charts. Missing from the production – and called for by the subpoena – are <u>any</u> responsive accounting records, purchase orders, invoices, and other documentation related to sales of Respondent's products, or any communications between Respondent and its auditor.

13. Instead, after Respondent requested and received from the SEC three extensions of time to respond, on August 1, 2022 Respondent's general counsel asserted that the SEC's May 20, 2022 subpoena should be stayed. As the basis for this contention, Respondent cited its responses to a grand jury subpoena obtained by federal criminal authorities last year, yet provided no legal authority in support of its position. However, "the SEC may investigate any conduct which would constitute a civil or criminal violation of the federal securities laws." *SEC v. Murphy*, 1983 WL 1417, *1 (C.D. Cal. Aug. 16, 1983). And moreover:

> Effective enforcement of the securities laws requires that the SEC and Justice be able to investigate possible violations simultaneously. Dissemination of false or misleading information by companies to members of the investing public may distort the efficient workings of the securities markets and injure investors who rely on the accuracy

3

and completeness of the company's public disclosures.  If the SEC suspects that a company has violated the securities laws, it must be able to respond quickly: it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary.

*SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).  Respondent has offered no cognizable justification for its failure to comply with the SEC's subpoena.

WHEREAS, the SEC respectfully requests that:

(a) this Court issue an Order to Show Cause forthwith: (i) directing Respondent to show cause, if there be any, why this Court should not order Respondent to produce to the SEC all documents responsive to the subpoena;

(b) upon return of the Order to Show Cause, this Court issue an Order directing Respondent to produce to the SEC all documents responsive to the subpoena; and

(c) the SEC be granted such other and further relief as may be appropriate.

Dated: August 29, 2022                                          Respectfully submitted,


*/s/ Gary Y. Leung*
Gary Y. Leung
Patricia Pei
Attorneys for Applicant
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On August 29, 2022, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 29, 2022     */s/ Gary Y. Leung*

                          Gary Y. Leung

5

*SEC v. Ignite International Brands, Ltd.*
United States District Court – Central District of California

SERVICE LIST

Ignite International Brands, Ltd.
c/o Paul Hughes, General Counsel
675 Cochrane Drive
East Tower, Suite 639
Markham, Ontario L3R 0B8, Canada
Email: paul.hughes@ignite.co