1    GARY Y. LEUNG (Cal. Bar No. 302928)
     Email: LeungG@sec.gov
2    PATRICIA PEI (Cal. Bar No. 274957)
     Email: PeiP@sec.gov
3
     Attorneys for Plaintiff
4    Securities and Exchange Commission
     Michele Wein Layne, Regional Director
5    Alka N. Patel, Associate Regional Director
     Gary Y. Leung, Regional Trial Counsel
6    444 S. Flower Street, Suite 900
     Los Angeles, California 90071
7    Telephone: (323) 965-3998
     Facsimile: (213) 443-1904
8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13   SECURITIES AND EXCHANGE          Case No.
     COMMISSION,
14                                     **SECURITIES AND EXCHANGE**
                                       **COMMISSION'S MEMORANDUM**
15            Applicant,               **OF POINTS AND AUTHORITIES IN**
                                       **SUPPORT OF ITS APPLICATION**
16       vs.                           **FOR AN ORDER TO SHOW CAUSE**
                                       **AND APPLICATION FOR AN**
17   IGNITE INTERNATIONAL              **ORDER COMPELLING**
     BRANDS, LTD.,                     **COMPLIANCE WITH**
18                                     **ADMINISTRATIVE SUBPOENAS**
              Respondent.
19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

II.   STATEMENT OF FACTS ........................................................................1

    A.    The SEC's Investigation of Respondent .........................................1

    B.    The SEC's May 20, 2022 Subpoena to Respondent ..........................2

    C.    Respondent's Failure to Comply with the Subpoena..........................2

III.  ARGUMENT..............................................................................................4

    A.    This Court Has Jurisdiction to Enforce the SEC's Subpoenas
         in a Summary Proceeding .................................................................5

    B.    The Court Should Enforce the SEC's Subpoena .................................6

    C.    Respondent Has No Valid Basis for Failing to Comply .....................9

IV.   CONCLUSION...........................................................................................9

# **TABLE OF AUTHORITIES**

## **CASES**

*Administrator, US EPA v. Alyeska Pipeline Serv. Co.*,
    836 F.2d 443 (9th Cir. 1988) ...................................................................7

*EEOC v. Children's Hosp. Med. Ctr. Of N. Cal.*,
    719 F.2d 1426 (9th Cir. 1983) .................................................................7

*EEOC v. Karuk Tribe Housing Auth.*,
    260 F.3d 1071 (9th Cir. 2001) .................................................................7

*EEOC v. St. Regis Paper Co.-Kraft Div.*,
    717 F.2d 1302 (9th Cir. 1983) .................................................................5

*Endicott Johnson v. Perkins*,
    317 U.S. 501 (1943)...............................................................................7

*Flatt v. SEC*,
    Case No. 10-60073-MC,
     2010 WL 1524328 (S.D. Fla. Apr. 14, 2010) ......................................7

*Gewerter v. SEC*,
    Case No. CV-16-02556-PHX-DLR,
    2016 WL 4074117 (D. Ariz. July 29, 2016)..........................................7

*Nelson v. SEC*,
    Case No. C08-80080MISC JF (HRL),
    2008 WL 2444794 (N.D. Cal. June 16, 2008) ......................................7

*RNR Enters., Inc. v. SEC*,
    122 F.3d 93 (2d Cir. 1997) .....................................................................6

*Rosiere v. SEC*,
    Case No. 2:09 CV 01975 JCM PAL,
    2010 WL 489526 (D. Nev. Feb. 5, 2010) ............................................7

*Sansend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*,
    878 F.2d 875 (5th Cir. 1989) .................................................................7

*SEC v. Blackfoot Bituminous, Inc.*,
    622 F.2d 512 (9th Cir. 1980) ..............................................................6, 9

*SEC v. Bobby Jones*,
    Case No. CV 13-08314 DDP (Ex),
    2013 WL 6536085 (C.D. Cal. Dec. 13, 2013)........................................5

*SEC v. Brigadoon Scotch Distributing Co.*,
    480 F.2d 1047 (2d Cir. 1973) ..............................................................6, 9

*SEC v. Custodian of Records R.R. Donnelley & Sons Co.*,
    Case No. 12-CV-07331-SVW-CW,
    2012 WL 12930953 (C.D. Cal. Oct. 11, 2012) ...................................5, 6

ii

*SEC v. Dresser Indus., Inc.,*
   628 F.2d 1368 (D.C. Cir. 1980)................................................1, 9

*SEC v. Harman Wright Group, LLC,*
   Case No. CV-18-MC-00190-CMA,
   2018 WL 6102758 (D. Colo. Nov. 21, 2018)..........................6, 7

*SEC v. Howatt,*
   525 F.2d 226 (1st Cir. 1975)....................................................8

*SEC v. Jerry T. O'Brien, Inc.,*
   467 U.S. 735 (1984)................................................................6

*SEC v. McCarthy,*
   322 F.3d 650 (9th Cir. 2003) ..................................................5

*SEC v. Sprecher,*
   594 F.2d 317 (2d Cir. 1979) ...................................................5

*SEC v. Tajyar,*
   Case No. MC 18-00113-DMG (RAOx),
   2018 WL 6313475 (C.D. Cal. Oct. 15, 2018), *adopted by* 2018 WL
   6308106 (C.D. Cal. Nov. 30, 2018) ........................................6

*United States v. Church of Scientology of Cal.,*
   520 F.2d 818 (9th Cir. 1975) ..................................................8

*United States v. Jose,*
   131 F.3d 1325 (9th Cir. 1997) ................................................9

*United States v. Powell,*
   379 U.S. 48 (1964)..................................................................6

**FEDERAL STATUTES**

**Securities Act of 1933**

Section 19(c)
   [15 U.S.C. § 77s(c)].................................................................8

Section 20(a)
   [15 U.S.C. § 77t(a)].................................................................6

Section 21(b)
   [15 U.S.C. § 77u(b)]................................................................8

Section 22(b)
   [15 U.S.C. § 77v(b)]................................................................5

**Securities Exchange Act of 1934**

Section 21(c)
   [15 U.S.C. §78u(c)] ................................................................5

**<u>FEDERAL REGULATIONS</u>**

17 C.F.R. § 200.30-4(a)(1)...........................................................................8

17 C.F.R. § 201.150(d) .................................................................................9

17 C.F.R. § 201.232(c).................................................................................9

17 C.F.R. § 203.8 ........................................................................................9

1  ## I.    INTRODUCTION

2  The SEC is investigating a potential accounting fraud.  On May 20, 2022, the

3  SEC staff issued and served a document subpoena on Respondent Ignite International

4  Brands, Inc. ("Respondent" or "Ignite") requiring production on or by June 15, 2022.

5  After Respondent requested and received three extensions of time to produce the

6  material sought by the SEC's subpoena, Ignite now asserts that its compliance with

7  the SEC's investigative subpoena should be "stayed" because criminal authorities are

8  conducting a separate investigation into the company.  Under the law, however, the

9  mere fact that multiple criminal and regulatory authorities are investigating Ignite

10  cannot excuse its contumacy:

> Effective enforcement of the securities laws requires that the SEC and Justice be able to investigate possible violations simultaneously. Dissemination of false or misleading information by companies to members of the investing public may distort the efficient workings of the securities markets and injure investors who rely on the accuracy and completeness of the company's public disclosures.  If the SEC suspects that a company has violated the securities laws, it must be able to respond quickly: it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary.

17  *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).

18  The SEC now seeks an order compelling Ignite to comply with its

19  administrative subpoena pursuant to the authority conferred on this Court by Section

20  22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and

21  Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

22  U.S.C. § 78u(c).

23  ## II.   STATEMENT OF FACTS

24  ### A.    The SEC's Investigation of Respondent

25  On March 14, 2022, the SEC issued an Order Directing Private Investigation

26  and Designating Officers to Take Testimony in an investigation titled *In the Matter of*

27  *Ignite International Brands, Ltd.* (SEC File No. LA-05275) ("Formal Order").  *See*

28  Declaration of Patricia Pei ("Pei Decl.") ¶ 4, Ex. 1.  Among other things, the Formal

Order empowers the SEC staff to investigate whether Respondent has violated or is continuing to violate the antifraud provisions of the federal securities laws. *Id.* The Formal Order also designates and authorizes certain SEC staff to issue subpoenas to obtain documents and to take testimony. *See id.* SEC staff have uncovered information indicating that Respondent may have filed public financial statements that include false or misleading representations regarding revenues earned and recognized in the company's fiscal year ending December 31, 2020. *Id.* at ¶ 8.

**B.    The SEC's May 20, 2022 Subpoena to Respondent**

On phone calls occurring May 12 and May 19, 2022, SEC staff discussed with Respondent's general counsel service of the SEC's document subpoena to Ignite, as well as the return date for that subpoena. *Id.* at ¶¶ 10-12. By email dated May 20, Ignite's general counsel confirmed that he would accept service of the SEC's subpoena and also agreed to a production date of June 15, 2022. *Id.* at ¶ 13, Ex. 3 (5/20/22 Holden email). Pursuant to the Formal Order, on May 20, 2022, SEC staff issued an administrative subpoena to Respondent requiring it to produce documents by June 15, 2022, and served the subpoena on Ignite in accordance with the parties' agreement. *Id.* at ¶ 14, Ex. 4 (5/20/22 transmitting email and subpoena).

**C.    Respondent's Failure to Comply with the Subpoena**

On June 4, Ignite asked for an extension of time to July 15 to respond to the subpoena, and, on June 7, the SEC staff agreed to an extension to June 30. *Id.* at ¶¶ 15-16. On June 30, Ignite's general counsel wrote the SEC and included a link to download some responsive documents that had been gathered by Ignite. He noted, however, that the production was "not a complete response to the subpoena but a meaningful start." *Id.* at ¶ 17, Ex. 6 (6/30/22 Holden email). He further communicated that he was leaving the company and provided the SEC staff with contact information for Ignite's new general counsel. *Id.*

Because the SEC is investigating a potential accounting fraud, the May 20 subpoena sought documents relating to Ignite's accounting policies on revenue

recognition and other accounting issues; Ignite's internal financial reporting; Ignite's internal audit work papers; communications between Ignite and its external auditor on revenue recognition; Ignite's sales forecasts and budgeting; Ignite's general ledgers and journal entries for certain sales transactions; and the underlying sales documentation for Ignite's revenue-generating businesses.

However, Respondent's partial production on June 30 consisted of just 173 documents. Most of documents produced were either: (1) copies of third-party agreements for various services related to Respondent's products; (2) Board meeting minutes; and (3) internal organizational charts. Several categories of documents called for in the May 20, 2022 subpoena appear to be entirely missing from the June 30 production, including, for the fiscal years 2020 and 2021: Respondent's accounting records; any purchase orders, invoices, and other documentation related to sales of Respondent's products; and Respondent's communications with its auditor. *Id.* at ¶ 18.

The SEC emailed Ignite's new general counsel to discuss the completion of Ignite's document production on June 30 and July 6. *Id.* at ¶ 19. On July 11, Ignite's general counsel requested a second extension of time to August 1. The SEC agreed to it. *Id.* at ¶ 19, Ex. 7 (6/30/22 to 7/15/22 email corresp.). But rather than completing its production on August 1, Ignite instead wrote a letter to the SEC on that day discussing a criminal investigation by the U.S. Department of Justice and asserting that the SEC's investigative subpoena "should be stayed until the resolution of the DOJ Request is complete." *Id.* at ¶ 20, Ex. 8 (8/1/22 Hughes ltr.).

On August 15, the SEC again wrote to Ignite on its failure to produce the documents called for by the May 20 subpoena. That correspondence again extended the time for Ignite's compliance and requested a complete production on or by August 23, 2022. The letter further advised that:

> Ignite's failure to comply with the subpoena will require the Commission to evaluate its remedies. You should be aware that it is within the Commission's authority to file a subpoena enforcement action against Ignite in a United States District Court pursuant to

Section 22(b) of the Securities Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"). In an agency subpoena enforcement action, the Commission need only show that: (1) the Commission's inquiry is within its authority granted by Congress; (2) the procedural requirements have been followed; and (3) the information is relevant and material to the investigation. *EEOC v. Children's Hospital Medical Center of Northern California*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc) (citations omitted); *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996). *See also SEC v. Brigadoon Scotch Dist. Co.*, 480 F.2d 1047, 1053-54 (2d Cir. 1973); *McLane Co., Inc. v. EEOC*, 137 S. Ct. 1159, 1165 (2017); *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Morton Salt*, 338 U.S. 632, 652-53 (1950). You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

*Id.* at ¶ 21, Ex. 9 (8/15/22 SEC ltr.).

On August 22, Ignite's general counsel wrote the SEC staff and reiterated Ignite's preference that the SEC subpoena be "stayed" until the conclusion of the criminal investigation. Ignite also requested that the SEC defer until early September any further discussions given counsel's personal schedule.[1]  The SEC staff responded that day, informing Ignite that the production deadline of August 23 remained in place. *Id.* at ¶ 23, Ex. 11 (8/22/22 SEC email).  Ignite has produced no further documents to the SEC.  *Id.* at ¶ 24.

## III.   <u>ARGUMENT</u>

Ignite first received an SEC subpoena at the end of April.  After negotiating service and a June 15 compliance date, the SEC staff issued a May 20 investigative subpoena seeking the production of documents relevant to their investigation of a potential accounting fraud, and served the subpoena on Ignite.  Since then, Ignite has failed to comply with the subpoena despite receiving two extensions of time to complete its production.  Ignite's ongoing refusal to comply with the SEC's administrative subpoena is hindering and delaying the SEC staff's investigation to

---

[1] Ignite's new general counsel explained on August 22 that he was "departing in a couple days for a two-week vacation to get married in Europe." *Id.* at ¶ 22, Ex. 10 (8/22/22 corresp.).  The SEC's proposed order to show cause, if issued by the Court, would require Ignite to file any responsive brief on or by September 12, 2022.

4

determine whether Respondent has violated or is continuing to violate the antifraud provisions of federal securities laws.  Accordingly, the SEC now asks the Court to compel Respondents to produce all documents responsive to its May 20 subpoena.

### A.  This Court Has Jurisdiction to Enforce the SEC's Subpoenas in a Summary Proceeding

The SEC is authorized to seek court orders compelling compliance with its subpoenas.  *See* 15 U.S.C. §§ 77v(b), 78u(c), & 80b-9(c).  District courts have statutory jurisdiction over such subpoena enforcement actions.  *See* 15 U.S.C. §§ 77v(b), 78u(c), & 80b-9(c).  An SEC subpoena enforcement action may be brought in any federal court "within the jurisdiction of which such investigation or proceeding is carried on."  *See* 15 U.S.C. § 78u(c).  This Court therefore "has jurisdiction over the instant subpoena enforcement action because the [SEC]'s Los Angeles Regional Office is conducting this investigation."  *SEC v. Custodian of Records R.R. Donnelley & Sons Co.*, 2012 WL 12930953, at *1 (C.D. Cal. Oct. 11, 2012); *see also In re Application to Enforce Admin. Subpoena of the SEC v. Bobby Jones*, 2013 WL 6536085, at *2 (C.D. Cal. Dec. 13, 2013) (denying motion to change venue in subpoena enforcement action).

Further, the Court may grant an application to enforce SEC subpoenas in a summary show cause proceeding.  *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983) ("[a] subpoena enforcement action is a summary procedure" with no discovery absent "exceptional circumstances"); *see also SEC v. McCarthy*, 322 F.3d 650, 655-59 (9th Cir. 2003) (court may enforce SEC subpoena in summary proceeding "upon application from the Commission"); *SEC v. Sprecher*, 594 F.2d 317, 319-20 (2d Cir. 1979) (courts may enforce a subpoena in summary proceeding "upon application by the Commission").  Summary procedures are appropriate because the SEC "must be free without undue interference or delay to conduct an investigation which will adequately develop a factual basis for a determination as to whether particular activities come within the Commission's

1    regulatory authority." *SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047,

2    1053 (2d Cir. 1973).

3         **B.    The Court Should Enforce the SEC's Subpoena**

4         SEC subpoenas should be judicially enforced if:  (1) the "investigation will be

5    conducted pursuant to a legitimate purpose," (2) the subpoenas seek information that

6    "may be relevant to the purpose," (3) "the information sought is not already within

7    the [SEC's] possession," and (4) all "administrative steps required…have been

8    followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964) (enforcing IRS

9    subpoena); *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 513-14 (9th Cir. 1980).

10   Courts have routinely granted relief in SEC subpoena enforcement proceedings upon

11   this requisite showing.  *See R.R. Donnelley & Sons*, 2012 WL 12930953; *SEC v.*

12   *Tajyar*, 2018 WL 6313475 (C.D. Cal. Oct. 15, 2018) (Rozella, Mag. J.), *adopted by*

13   2018 WL 6308106 (C.D. Cal. Nov. 30, 2018).

14        The required showing is a "slight one" that may be satisfied by an affidavit

15   from a government official.  *See RNR Enters., Inc. v. SEC*, 122 F.3d 93, 97 (2d Cir.

16   1997); *see also SEC v. Harman Wright Group*, 2018 WL 6102758, at *2 (D. Colo.

17   Nov. 21, 2018) (SEC's burden is a "slight one" generally satisfied by an affidavit

18   from the agent seeking enforcement).  And in this case, all of the requirements are

19   unquestionably met.

20        First, the SEC's investigation is being conducted pursuant to a lawfully

21   authorized and legitimate purpose.  "The provisions vesting the SEC with power to

22   issue and seek enforcement of subpoenas are expansive." *SEC v. Jerry T. O'Brien,*

23   *Inc.*, 467 U.S. 735, 743 (1984).  Congress gave the SEC broad authority to conduct

24   investigations and to demand the production of evidence relevant to such

25   investigations.  *O'Brien, Inc.*, 467 U.S. at 741.  This authority includes the power to

26   "subpoena witnesses, compel their attendance, take evidence, and require the

27   production of any books, papers, correspondence, memoranda, or other records which

28   the Commission deems relevant or material to the inquiry."  15 U.S.C. § 78u(b); *see*

*also* 15 U.S.C. § 77t(a).  Here, by issuing the Formal Order, the SEC authorized its
staff to investigate whether Respondent has violated or is continuing to violate the
antifraud provisions of the federal securities.  Pei Decl. ¶ 4, Ex. 1.  The SEC's
investigation and the subpoena served on Respondent is within the scope of the
Formal Order and the SEC's authorized law-enforcement powers.

Second, the information sought by the subpoenas is relevant to the SEC's
investigation.  In SEC investigations, "the notion of relevancy is a broad one.  An
agency can investigate merely on the suspicion that the law is being violated, or even
just because it wants assurance that it is not.  So long as the material requested
*touches* a matter under investigation, an administrative subpoena will survive a
challenge that the material is not relevant."  *Flatt v. SEC*, 2010 WL 1524328, at *5
(S.D. Fla. Apr. 14, 2010) (quoting *Sansend Fin. Consultants, Ltd. v. Fed. Home Loan
Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)); *see also Rosiere v. SEC*, 2010 WL
489526, at *3 (D. Nev. Feb. 5, 2010); *Gewerter v. SEC*, 2016 WL 4074117, at *2 (D.
Ariz. July 29, 2016).

Significantly, the relevancy required to enforce an investigative subpoena is
much broader than in litigation.  *See Nelson v. SEC*, 2008 WL 2444794, at *2 (N.D.
Cal. June 16, 2008).  As reasoned by the Ninth Circuit: "'[t]he scope of the judicial
inquiry in an …agency subpoena enforcement proceeding is quite narrow.'"  *EEOC
v. Karuk Tribe Housing Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (quoting *EEOC v.
Children's Hosp. Med. Ctr. Of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en
banc)).  Thus, a court must enforce administrative subpoenas unless the evidence
sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of
the agency.  *Karuk Tribe Housing Auth.*, 260 F.3d at 1076; *see also Endicott Johnson
v. Perkins*, 317 U.S. 501, 509 (1943); *Administrator, US EPA v. Alyeska Pipeline
Serv. Co.*, 836 F.2d 443, 447 (9th Cir. 1988); *Harman Wright Group*, 2018 WL
6102758, at *2.  Nor is the SEC required to make out a "probable" or "reasonable"
cause showing when subpoenaing documents.  *SEC v. Howatt*, 525 F.2d 226, 229 (1st

Cir. 1975); *see also United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (federal agency "need not meet any standard of probable cause to obtain enforcement of its summons").

The minimal relevance required to enforce the May 20 subpoena is easily met here.  The SEC is investigating whether Ignite filed public financial statements that include false or misleading representations regarding revenues earned and recognized in the company's fiscal year ending December 31, 2020.  Consistent with that, the May 20 subpoena requires *inter alia* Ignite's production of documents relating to its accounting policies on revenue recognition and other accounting issues; Ignite's internal financial reporting; Ignite's internal audit work papers; communications between Ignite and its external auditor on revenue recognition; the company's sales forecasts and budgeting; Ignite's general ledgers and journal entries for certain sales transactions; and the underlying sales documentation for Ignite's revenue-generating businesses.  In short, the May 20 subpoena seeks critical information relevant to the appropriateness of Ignite's financial reporting and related disclosures to the investing public.  The SEC's subpoena thus meets the relevance requirement.

Third, Ignite has not complied with the subpoena.  Several categories of documents called for by the May 20, 2022 subpoena have never been produced, including, for the fiscal years 2020 and 2021:  Respondent's accounting records; any purchase orders, invoices, and other documentation related to sales of Respondent's products; and Respondent's communications with its auditor.

Fourth, and finally, the SEC has satisfied all of the administrative prerequisites.  The federal securities laws authorize the SEC to compel the attendance of witnesses and require the production of any book, papers, or other documents that the SEC deems relevant or material to its investigation.  *See* 15 U.S.C. §§ 77s(c), 77u(b), & 80b-9(c).  Here, the SEC's subpoenas were issued pursuant to a Formal Order and signed by an SEC attorney designated by the Formal Order to issue subpoenas.  *See* 17 C.F.R. § 200.30-4(a)(1).  Ignite was served with the subpoena by email in

accordance with the parties' agreement, which is a valid form of service.  17 C.F.R.
§§ 203.8, 201.232(c) & 201.150(d).

### C.      Respondent Has No Valid Basis for Failing to Comply

Because the SEC has established that its subpoenas were lawfully issued, the
burden shifts to Respondent to establish an affirmative defense for not complying
with the subpoenas.  Ignite bears a heavy burden when "the agency inquiry is
authorized by law and the materials sought are relevant to the inquiry."  *Brigadoon
Scotch Dist. Co.*, 480 F.2d at 1056; *see also United States v. Jose*, 131 F.3d 1325,
1328 (9th Cir. 1997) (after *prima facie* case made to enforce investigative summons,
heavy burden fell on respondent); *Blackfoot Bituminous*, 622 F.2d at 515 (respondent
has burden of showing defense to enforcement).

Ignite cannot meet this high burden.  Ignite's only proffered justification for its
non-compliance depends on the notion that because other criminal and regulatory
authorities are investigating the company, there is no need for it to comply with the
SEC's investigative subpoena at this time.  Ignite is wrong on the law:

> Effective enforcement of the securities laws requires that the SEC
> and Justice be able to investigate possible violations simultaneously.
> Dissemination of false or misleading information by companies to
> members of the investing public may distort the efficient workings of
> the securities markets and injure investors who rely on the accuracy
> and completeness of the company's public disclosures.  If the SEC
> suspects that a company has violated the securities laws, it must be
> able to respond quickly: it must be able to obtain relevant information
> concerning the alleged violation and to seek prompt judicial redress if
> necessary.

*SEC v. Dresser Indus.*, *Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).  Respondent has
offered no cognizable justification for its failure to comply with the SEC's subpoena.

## IV.   __CONCLUSION__

The SEC respectfully requests that the Court grant its application and issue: (i)
an order, in the form submitted, requiring Ignite to show cause why it should not be
ordered to comply with the May 20, 2022 subpoena; (ii) if Respondent fails to show
adequate cause to support its refusal to comply with the subpoenas, an order requiring

Ignite to comply immediately with the subpoena to produce all responsive documents; and (iii) such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas directed to Respondents.

Dated: August 29, 2022                           Respectfully submitted,

                                                 */s/ Gary Y. Leung*
                                                 Gary Y. Leung
                                                 Patricia Pei
                                                 Attorneys for Plaintiff
                                                 Securities and Exchange Commission

1

<u>**PROOF OF SERVICE**</u>

2

I am over the age of 18 years and not a party to this action.  My business address is:

3

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071

4

Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

5

On August 29, 2022, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF POINTS AND**

6

**AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING**

7

**COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** on all the parties to this action addressed as stated on the attached service list:

8

☒     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for

9

collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence

10

for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

11

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s),

12

which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class

13

postage thereon fully prepaid.

14

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los

15

Angeles, California, with Express Mail postage paid.

16

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

17

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated

18

by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at

19

Los Angeles, California.

20

☒     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

21

☐     **E-FILING:**  By causing the document to be electronically filed via the Court's

22

CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

23

☐     **FAX:**  By transmitting the document by facsimile transmission.  The

24

transmission was reported as complete and without error.

25

I declare under penalty of perjury that the foregoing is true and correct.

26

Date:  August 29, 2022                    */s/ Gary Y. Leung*

27

Gary Y. Leung

28

11

### *SEC v. Ignite International Brands, Ltd.*
**United States District Court – Central District of California**

SERVICE LIST

Ignite International Brands, Ltd.
c/o Paul Hughes, General Counsel
675 Cochrane Drive
East Tower, Suite 639
Markham, Ontario L3R 0B8, Canada
Email:  paul.hughes@ignite.co