KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 336850
Email: kps@fdlawlv.com
FLANGAS LAW GROUP
3275 South Jones Boulevard, Suite 105
Las Vegas, NV 89146
Telephone: (702) 307-9500
*Attorneys for Respondent*
*Ignite International Brands, Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Applicant,<br><br>  v.<br><br>IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>              Respondent. | Case No: 2:22-mc-00172-MCS-E<br><br>**RESPONDENT'S OPPOSITION TO THE APPLICATION FOR AN ORDER TO SHOW CAUSE**<br><br>**[Concurrently filed with Third Declaration of Scott Rohleder in support]** |

Respondent Ignite International Brands, Ltd. ("Respondent"), by and through its attorneys of record, respectfully submits this Opposition to the Securities and Exchange Commission's ("SEC") Application for an Order to Show Cause and Application for an Order Compelling Compliance with Administrative Subpoena ("Application").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**     **INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

The SEC filed their Application on August 29, 2022 (ECF No. 1).

Thereafter, prior to being served, Respondent filed its Response through a Declaration of Scott Rohleder on September 7, 2022 (ECF No. 3). The following day this Court issued a Minute Order (ECF No. 6) that on or before September 15, 2022, the SEC shall show cause, if there be any, why the Application should not be denied and dismissed without prejudice on the ground that the documents sought are now within the possession of the Applicant. On September 15, 2022, prior to contacting Respondent, the SEC filed a Response to the Court's September 8, 2022, Minute Order (ECF No. 7), wherein the SEC stated that its "review is ongoing" and then argued the production was inadequate, arguing that Respondent only produced documents in its possession. Respondent filed a further declaration that same day (ECF No. 8) addressing the SEC's Response.

On September 16, 2022, this Court issued a further Minute Order (ECF No. 9) requiring the parties to meet and confer telephonically in a good faith effort to reach an agreement regarding any remaining issues relating to the Application. The Court's Order stated that if the parties could not reach an agreement, then, on or before September 23, 2022, Respondent shall show cause, if there be any, why the Court should not grant the Application and order the production of all documents responsive to the subject subpoena, to the extent such documents have not previously been produced to the SEC.

On September 19, 2022, attorneys for the SEC and Respondent's General Counsel, Paul Hughes, had a cordial meet and confer. Following the call with SEC representatives, the Respondent reached out to third parties and solicited documents, and did a further search of its own records. As a result, fifty-six documents totaling approximately 1,370 pages were obtained and produced to the SEC on September 23, 2022. *See* Third Declaration of Scott Rohleder at ¶5 attached hereto. Respondent has also requested some additional documents from third parties which it hopes to receive and produce

during the last week of September 2022.

Respondent has made a serious, good faith effort to comply with the SEC's subpoena having produced nearly 100,000 pages of documents. The SEC has not provided this Court with any evidence of non-compliance by Ignite. The SEC has not even provided any evidence that there was a legitimate basis for issuing the subpoena. Thus, this Court should decline to issue an Order to Show Cause in this matter.

## II. ARGUMENT

*United States v. Powell*, 379 U.S. 48 (1964), sets forth the framework to enforce administrative subpoenas. The appropriate standard of judicial review to enforce an administrative subpoena requires the SEC to show that (i) the investigation/audit is conducted for a legitimate purpose, (ii) the information sought is relevant to the purpose and not already in the SEC's possession, and (iii) the SEC has determined that the further examination is necessary, (iv) and that the SEC has complied with any statutory and administrative requirements. *See id.* at 57-58. Moreover, the SEC must further show reasonable grounds or probable cause to suspect fraud for further examination. *Id*. The SEC has failed to meet such requirements in this case.

Respondent has gone above and beyond to comply with the subpoena. As this Court correctly ordered previously, the SEC should have met and conferred with Respondent prior to bringing this Application. Yet, now, even after admitting that they have not completed their own review of the production, the SEC still seeks an order to show cause. The prerequisites for obtaining such an order have not been met.

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, Respondent request that this Court deny the SEC's Application and close this matter at this time.

Dated this 23rd day of September, 2022.

**FLANGAS LAW GROUP**

/s/Kimberly P. Stein
KIMBERLY P. STEIN, ESQ.
State Bar No. 336850
3275 S. Jones Blvd, Suite 105
Las Vegas, Nevada 89146
*Attorneys for* Respondent *Ignite International Brands, Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2022, I electronically filed the above and foregoing **RESPONDENT'S OPPOSITION TO THE APPLICATION FOR AN ORDER TO SHOW CAUSE** using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registrants.

                                       */s/Andi Hughes*
                                 An employee of Flangas Law Group