GARY Y. LEUNG (Cal. Bar No. 302928)
Email: LeungG@sec.gov
PATRICIA PEI (Cal. Bar No. 274957)
Email: PeiP@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Applicant,<br><br>　　vs.<br><br>IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>　　　　Respondent. | Case No. 2:22-mc-00172-MCS-E<br><br>**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO IGNITE'S OPPOSITION TO THE APPLICATION FOR AN ORDER TO SHOW CAUSE (DKT. NO. 10)** |

Applicant Securities and Exchange Commission ("SEC") respectfully submits the following response to Ignite's Opposition to the Application for an Order to Show Cause (Dkt. No. 10):

As directed by the Court, on September 19, 2022, counsel for the SEC and Paul Hughes, Respondent Ignite International Brands, Ltd.'s ("Ignite") General Counsel, held a telephonic meet-and-confer. During the meet-and-confer, the SEC articulated its concerns with Ignite's production as of that date, and proposed a fact witness interview on the sole topic of what the company had done to identify, collect, review, and produce non-privileged information responsive to the SEC's May 20 subpoena. As an alternative path, the SEC suggested that the parties stipulate to an order that would require Ignite to produce all remaining responsive documents by a reasonable date certain: 45 days from entry, as proposed by the SEC. *See* Ex. 1 (9/19/22 to 9/23/22 email corresp.) Within an hour, and at Hughes's request, the SEC reiterated its position in a written email to Hughes. *Id.* Having heard nothing from Ignite, SEC counsel followed up with company counsel on Wednesday, September 21, and again on the morning of Friday, September 23. *Id.* Later that morning, Ignite communicated that more unidentified documents were forthcoming and that it would be filing an opposition to the SEC's application for an order to show cause. *Id.*

The incremental drip of documents and self-serving affidavits from Ignite speaks for itself. First, a new production cobbled together and made on September 6. Then, a September 7 declaration that everything had been produced. But next, another declaration on September 15, this one contradicting Ignite's prior sworn assurance that it had "provided the SEC with all the documents in Ignite's possession that would satisfy the Subpoena." Dkt. No. 3 at ¶ 5. In that second declaration, Ignite advanced the thin *ex post* excuse that although the company does in fact have further responsive material to the SEC's subpoena, Ignite chose not to produce it because the company thought the SEC already had it. Dkt. No. 8 at ¶ 4. After a meet-and-confer on Monday, September 20, in which the SEC detailed its concerns

1

and also proposed a witness interview on the discrete issue of Ignite's efforts to locate, review, and produce non-privileged information responsive to the SEC's subpoena, Ignite elected for radio silence until today.  *See* Ex. 1.  And now, on September 23, rather than substantively responding to the SEC's stated concerns at the Monday meet-and-confer, yet another batch of previously unproduced documents and yet another *ipse dixit* declaration has been provided by Ignite.  But that is still not the end of it.  The company allows that there remains other unspecified material, information and documents that Ignite "hopes to receive and produce during the last week of September 2022." Dkt. No. 10 at pp. 2-3.

      The serialized and ever-shifting character of Ignite's claimed compliance with the SEC's May 20 administrative subpoena makes one thing perfectly clear:  Ignite has not, even at this late date, fully complied with the subpoena nor presented a valid legal basis to resist it.  This is itself a reason for this Court to enter an order compelling compliance, and the SEC respectfully requests that the Court do so.  If Ignite has fully responded to the SEC's subpoena (and there is ample cause to conclude otherwise), a court order requiring compliance by a date certain in 45 days will not exact any burden on the company.

      Finally, Ignite's suggestion that to enforce its subpoena, the SEC must show "probable cause to suspect fraud for further examination" is without merit, Dkt. No. 10 at 3; indeed, that erroneous proposition was rejected by the very case – *Powell* – cited by Ignite. *See United States v. Powell*, 379 U.S. 48, 57 (1964) (addressing IRS enforcement statute – "This view of the statute is reinforced by the general rejection of probable cause requirements in like circumstances involving other agencies."); *see also SEC v. Howatt*, 525 F. 2d 226, 229 (1st Cir. 1975); *United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (federal agency "need not meet any standard of probable cause to obtain enforcement of its summons").

      In sum, a court must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of

the agency. *EEOC v. Karuk Tribe Housing Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) ("the principle . . . that courts should not refuse to enforce an administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law . . . has been consistently reaffirmed by the Supreme Court."); *see also Endicott Johnson v. Perkins*, 317 U.S. 501, 509 (1943); *Administrator, US EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 447 (9th Cir. 1988); *SEC v. Harman Wright Group, LLC*, Case No. 18-mc-00190-CMA, 2018 WL 6102758, at *2 (D. Colo. Nov. 21, 2018). Here, Ignite has not shown, nor has it even attempted to assert, that it has any valid basis to withhold production from the SEC.

For the foregoing reasons, the SEC respectfully requests that the Court enter an order requiring Ignite to produce all information within its possession, custody, or control responsive to the May 20, 2022 subpoena within 45 days of the order's entry.

Dated: September 23, 2022                    Respectfully submitted,

                                             */s/ Gary Y. Leung*
                                             Gary Y. Leung
                                             Patricia Pei
                                             Attorneys for Applicant
                                             Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On September 23, 2022, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO IGNITE'S OPPOSITION TO THE APPLICATION FOR AN ORDER TO SHOW CAUSE (DKT. NO. 10)** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 23, 2022          */s/ Gary Y. Leung*
                                                    Gary Y. Leung

*SEC v. Ignite International Brands, Ltd.*
United States District Court – Central District of California
Case No. 2:22-mc-00172-MCS-E

SERVICE LIST

Kimberly P. Stein, Esq. **(served by CM/ECF)**
Flanagas Law Group
3275 S. Jones Boulevard, Suite 105
Las Vegas, NV 89146
*Attorney for Respondent Ignite International Brands, Ltd.*

5

# EXHIBIT 1

**Leung, Gary**

| | |
|---|---|
| **From:** | Paul Hughes <Paul.Hughes@ignite.co> |
| **Sent:** | Friday, September 23, 2022 9:18 AM |
| **To:** | Leung, Gary; Pei, Patricia |
| **Cc:** | kps@fdlawlv.com; Scott Rohleder |
| **Subject:** | Re: Ignite meet & confer follow-up |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Mr. Leung and Ms. Pei:

I appreciated our conference call earlier this week and your follow-up email explaining your position regarding Ignite's document production. The previously provided sharepoint link now includes a new folder containing additional documents. Please let me know if you have any trouble accessing these additional documents.

Ignite is likely to be able to produce further documents next week, which we have requested from a third party.

Our counsel, Ms. Stein (cc'd), will be filing an Opposition to the SEC's Application for an Order to Show Cause and another declaration in support of same.

Ignite would not oppose a Motion by the SEC for an extension of time to comply with the Court's September 16, 2022, Order.

Please let me know if you have any questions.

Best,

Paul Hughes
Ignite

---

**From:** Leung, Gary <LeungG@SEC.GOV>
**Date:** Friday, September 23, 2022 at 11:21 AM
**To:** Paul Hughes <Paul.Hughes@ignite.co>, Pei, Patricia <peip@SEC.GOV>
**Cc:** Bendell, Spencer E. <BendellS@sec.gov>
**Subject:** RE: Ignite meet & confer follow-up

> You don't often get email from leungg@sec.gov. Learn why this is important

Paul,

As directed by the Court, we had our telephonic meet-and-confer with you on Monday at 11:30 a.m. Within the hour, in accordance with your request, we reiterated in writing the three issues the SEC had discussed and proposed to you over the phone to facilitate a resolution of the pending subpoena enforcement action. Four days have passed since then, and we have not heard from you or your client in any substantive respect. Please advise us on Ignite's position this a.m.

Best regards,

Gary

1

Exhibit 1 Page 6

Gary Y. Leung
Regional Trial Counsel
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, Ste. 900
Los Angeles, CA 90071
323.965.3213
leungg@sec.gov

---

**From:** Paul Hughes <Paul.Hughes@ignite.co>
**Sent:** Wednesday, September 21, 2022 4:22 PM
**To:** Pei, Patricia <peip@SEC.GOV>
**Cc:** Leung, Gary <LeungG@SEC.GOV>
**Subject:** Re: Ignite meet & confer follow-up

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Patricia,

Thanks for following up. We are in receipt of the email below and are working through the items you've raised. We will be back to you shortly.

Best,

Paul Hughes
Ignite

---

**From:** Pei, Patricia <peip@SEC.GOV>
**Date:** Wednesday, September 21, 2022 at 4:15 PM
**To:** Paul Hughes <Paul.Hughes@ignite.co>
**Cc:** Leung, Gary <LeungG@SEC.GOV>
**Subject:** RE: Ignite meet & confer follow-up

Hi Paul,

We wanted to check in and see if you'd had a chance to consider the items below. Please send us an update when you get a chance.

Thanks,
Patricia

---

**From:** Pei, Patricia
**Sent:** Monday, September 19, 2022 12:39 PM
**To:** 'Paul Hughes' <Paul.Hughes@ignite.co>
**Cc:** Leung, Gary <LeungG@SEC.GOV>
**Subject:** Ignite meet & confer follow-up

Dear Paul,

Thanks for taking the time to talk today. As requested, here is a short summary of the three items we raised for discussion:

First, we'd like to know what categories of documents in Ignite's possession, custody, or control Ignite has failed to produce on the grounds that it would "duplicate" a production made by another party, or for any other reason. We realize this is Ignite's position with regard to the auditor communications in response to Subpoena Request #11; are there other documents called for by the subpoena that have received the same treatment?

Second, we proposed the idea of conducting a recorded interview of Mr. Rohleder, limited to the subject of the production, in order to get a clearer understanding of how Ignite conducted its search for responsive documents.

Third, if Ignite is not amenable to a recorded interview or Mr. Rohleder, we would propose entering into a stipulated order that would require Ignite to produce all remaining responsive documents within 45 days. This would include production of the auditor communications in response to Request #11, as well as other missing documents, including, but not limited to:
- Board and Audit Committee materials not covered in File Folder 8—for example, proposed press releases, meeting agendas, and *draft* financial statements and MD&A (Requests #s 1 & 2);
- Audit Committee meeting minutes from Dec. 2020 through Mar. 2021, and from Sept. 2021 through Mar. 2022 (Request #2);
- Sales forecasts and budgets from Jan. 2020 to Oct. 2020 (Request #12: only documents from Nov. 2020 on have been produced);
- Communications relating to sales agreements (Request #16.c); and
- Documents identifying the individuals involved in negotiating, drafting, and approving sales agreements (Request #16.d).

The items listed above appear to us to be documents that should exist, and that have not been produced. Of course, if we are incorrect about any of these, please let us know.

Thank you, and we look forward to hearing from you in the next day or two.

-Patricia

———

**Patricia Pei** (she/her)
*Senior Counsel, Division of Enforcement*
U.S. Securities & Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (323) 965-3861 / Email: peip@sec.gov